UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RANDY ECHAVARRIA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **QUINCY HOUSING AUTHORITY, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. 24-cv-11596-DJC |

**ORDER**

**CASPER, J.**                                                                                                       November 15, 2024

*Pro se* plaintiff Randy Echavarria[1] has filed a complaint against the Quincy Housing Authority, the United States Department of Housing and Urban Development ("HUD"), and certain individuals, alleging that the Quincy Housing Authority wrongfully terminated his housing voucher and that HUD failed to provide him required assistance in the matter. D. 1; D. 1-3. Echavarria has also filed a motion for leave to proceed *in forma pauperis*, D. 2, an "emergency motion to E-File and Intervene," D. 4, and a "motion to compel e-filing motion and default judgment," D. 5. On October 2, 2024, D. 7, one of the Defendants, HUD, moved to dismiss and the deadline for Echavarria to oppose that motion has passed.

Upon review of the complaint and motions, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

---

[1] The case caption lists several plaintiffs, but only Echavarria is identified as the plaintiff and has filed and signed the complaint. D. 1 at 1, 4. As noted below, the docket will be corrected to reflect that Echavarria is the sole plaintiff.

1

2. The Clerk shall correct the docket to reflect that Echavarria is the sole plaintiff in this action. Although the title of the complaint includes Jose Arias, Yandel Arias, and the Department of Justice as plaintiffs, they are not identified in the body of the complaint as parties to this action, there are no allegations in the complaint concerning them, and they have not signed the complaint.

3. Because Echavarria is proceeding *in forma pauperis*, the Court may conduct a preliminary review of the complaint and dismiss any claims therein that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Based upon this review, the Clerk shall issue a summons for Defendant Quincy Housing Authority only. Echavarria must ensure that the Quincy Housing Authority is served with a summons, complaint, and this order in accordance with Rule 4 of the Federal Rules of Procedure. Service must be completed within 90 days of the date the summonses issue. Failure to complete service within 90 days may result in dismissal of the action without prior notice from the Court. See Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

4. Because Echavarria is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so requested by Echavarria, the USMS shall serve a copy of the summons, complaint, and this order upon the Quincy Housing Authority. Echavarria is responsible for providing the USMS all copies for service and for completing a USM-285 form for the agency to be served. The Clerk shall provide Echavarria with forms and instructions for service by the USMS.

5.  At this time, summonses will not issue for Defendants Antonio L. Barbosa, Maria T. Barbosa, or Antonio C. Barbosa. These individuals are identified in the title and body of the complaint as defendants, and Echavarria identifies Antonio L. Barbosa as the "former owner of 6 Greendale Rd." D. 1 at 2. However, Echavarria's only allegation against these persons is that he has "been aggrieved due to the actions of these property owners/family members that have caused [him] not to have a HCV and have the employees/QHA act against fiduciary interests." Id. at 3. This generalized allegation does not adequately identify the alleged misconduct of the three individual defendants. If Echavarria wishes to pursue claims against these individuals, he may file an amended complaint in which he specifies what each of them allegedly did to violate his rights.[2]

6.  To the extent that a portion of Echavarria's motions, D. 4, 5, was seeking to allow him leave to file electronically, the Court ALLOWS those motions only to that extent, but not as to any of the other relief sought in them. Echavarria may file electronically if he complies with all requirements for electronic filing in the District of Massachusetts, including the following:

   a.  Echavarria must have an individual PACER account to electronically file in the District of Massachusetts. If Echavarria does not have a PACER account, he must obtain one by visiting https://pacer.uscourts.gov/register-account.

   b.  Echavarria must contact Tracy McLaughlin (tracy_mclaughlin@mad.uscourts.gov) to obtain access to file electronically through the Court's Case Management/Electronic Case Files ("CM/ECF") system.

---

[2] Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once without permission of the Court if the amended complaint is filed no later than (1) 21 days after serving the original complaint; or (2) 21 days after the defendant has responded to the original complaint, whichever is earlier. Any other amendment of the complaint requires permission from the Court. See Fed. R. Civ. P. 15(a). As an amended complaint completely replaces the original complaint, a plaintiff must include his amended complaint any claims (including relevant factual allegations) he wishes to be part of the operative complaint—even those already set forth in his original complaint.

      c.      Echavarria must follow this District's instructions for *pro se* litigants who are filing electronically.  These instructions are found at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.

      d.      Once Echavarria registers to file electronically in this action, he will no longer receive notice of docket activity in paper form.  Instead, when there is docket activity in this case, the CM/ECF system will send a Notice of Electronic Filing ("NEF") to the email address Echavarria provided. This NEF will include docket text. If a document was docketed as part of the docket entry, the NEF will contain a hyperlink to the document.  Thus, Echavarria must maintain reliable access to the internet and check his email frequently.[3]

      7.      The remainder of the "emergency motion to e-file and intervene," D. 4, is DENIED insofar as Echavarria seeks permission for the Department of Justice to intervene on his behalf. The remainder of the "motion to compel e-filing motion and default judgment," D. 5, is DENIED insofar as Echavarria sought a default judgment against any defendant where no summons and complaint had been served and, as of this Order, will only issue at this time as to the Quincy Housing Department.

      8. As to Defendant HUD's motion to dismiss, D. 7, which has not been timely opposed, the Court ALLOWS the motion for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) as explained in HUD's memorandum of law, D. 8 at 4-6.  Given this ruling, the Court need not reach HUD's alternative basis for dismissal under Fed. R. Civ. P. 12(b)(5).  Accordingly, HUD is dismissed from this case.

      **So Ordered.**

                                           /s Denise J. Casper
                                           Denise J. Casper
                                           United States District Judge

---

[3] The Court notes that, in the fourteen (14) days following the docketing of a document linked to an NEF, a litigant may have one "free look" at the document through the hyperlink in the NEF. Echavarria is strongly encouraged to download the document when he avails himself of the "free look" of the document.  Once a litigant has had a "free look" at the document or the opportunity for doing so has passed, a fee is charged to view the document through PACER.